HARRIS v. UNITED STATES.

(Circuit Court, D. Massachusetts. January 7, 1910.)

No. 232 (1,931).

1. CUSTOMS DUTIES (§ 82*)—REVIEW OF REAPPRAISEMENTS—WHAT CONSTITUTES RECORD.

Reappraisement proceedings under Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 (U. S. Comp. St. 1901, p. 1932), are separate and distinct from protest proceedings under section 14, 26 Stat. 137 (U. S. Comp. St. 1901, p. 1933) ; and where the legality of a reappraisement is challenged by proceedings under the latter section, the entire reappraisement record does not become a part of the record in the latter proceedings, unless expressly admitted.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 82.*].

2. CUSTOMS DUTIES (§ 85*)—APPEAL—RETURN OF RECORD.

In Customs Administrative Act June 10, 1890, c. 407, § 15, 30 Stat. 138 (U. S. Comp. St. 1901, p. 1933), the provision that, on appeal to the Circuit Court, the Board of General Appraisers shall return "the record and the evidence taken by them," does not require the return of evidence which was excluded.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 85.*]

3. CUSTOMS DUTIES (§ 85*)—EXCLUDED EVIDENCE—EXCEPTIONS.

Under Customs Administrative Act June 10, 1890, c. 407, § 15, 30 Stat. 138 (U. S. Comp. St. 1901, p. 1933), where it is desired that evidence excluded by the Board of General Appraisers should, on appeal to the Circuit Court, be passed on by the court, it is requisite either that an exception should have been taken to the Board's ruling excluding the evidence, and the matter brought before the court in the assignments of error, or that the evidence should have been offered as additional evidence in the manner provided in said section.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 85.*]

On Application for Review of Decisions by the Board of United States General Appraisers.

Walter Evans Hampton, for importer.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (William A. Robertson, Sp. Atty., of counsel), for the United States.

COLT, Circuit Judge. The present hearing in this customs case was on the motion by the United States to vacate the following order of this court made on September 14, 1909 :

Ordered, that the Board of United States General Appraisers transmit to this court the originals, or certified copies, of all the evidence, documentary and oral, letters, papers, other documents, memorandum, and whatsoever informa-

tion of any nature said Board of Appraisers had before it in deciding certain reappraisements hereinafter mentioned, covering importations of wool imported by William H. Harris, importing plaintiff in this action.

| Reappraisement No. | Invoice No. | Reappraisement No. | Invoice No. |
|---|---|---|---|
| 35058 | 9720 | 34767 | 9061 |
| 34707 | 9533 | 34765 | 9058 |
| 34766 | 9059 | 34768 | 9063 |
| 34788 | 9220 | 34769 | 9064 |
| 35940 | 10773 | 35941 | 10515 |

Le Baron B. Colt, United States Circuit Judge.

Form assented to:

William H. Garland, Assistant United States Attorney.

The evidence called for by the order (except as to invoice No. 10,-773 and invoice No. 10,515, which are covered by another protest) was offered by the importer at the hearing before the Board of General Appraisers and excluded, as appears from pages 23 and 24 of the record returned by the Board to this court:

By Mr. Tompkins: I'll offer in evidence, then, the reappraisement records pertaining to the importations covered by this particular protest.

Mr. Robertson: You mean all the evidence taken before the reappraisement board as to the values?

Mr. Tompkins: As to these particular shipments which were under reappraisement and which we are attacking the validity of the reappraisement pertaining to these particular invoices.

Judge Waite: You offer the records?

Mr. Tompkins: Yes; the reappraisement records.

Judge Waite: I understand those are the official papers.

Mr. Tompkins: I understand by that the word "record" means the evidence as taken by the importer as well.

Judge Waite: We do not consider the evidence as taken before reappraisement as a record of the reappraisement. It is not the whole evidence taken before the Board.

Mr. Robertson: No; the importer's evidence.

(Objection sustained. Evidence excluded.)

The proposition upon which the importer relies is that the evidence described in the order of September 14, 1909, constituted a part of the record in this case before the Board of General Appraisers, and that it should have been included in the return by the Board to this court under section 15 of the customs administrative act (Act June 10, 1890, c. 407, 26 Stat. 138 [U. S. Comp. St. 1901, p. 1933]), which provides that the Board shall return "the record and the evidence taken by them."

Stated in another way, the proposition of the importer is that, in a case like the present one, where the legality of the reappraisement proceedings under section 13 of the customs administrative act is challenged in the subsequent protest proceedings under section 14, the entire record in the reappraisement proceedings becomes a part of the record in the protest proceedings, and that such evidence should be returned to this court under section 15 as a part of the record before the Board, and, if not so returned, that this court may order its transmission.

I fail to find anything in the statute, or the practice under it, or in any adjudicated case in support of the importer's contention. The reappraisement proceedings under section 13 are separate and distinct from the protest proceedings under section 14, and the record in each proceeding is separate and distinct, and, so far as appears, has always been so considered. United States v. Passavant, 169 U. S. 16, 20, 18 Sup. Ct. 219, 42 L. Ed. 644.

Nor is there anything in the point that the Board, under section 15, should include in their return evidence which they have excluded. Section 15 provides that they shall return "the record and the evidence taken by them."

If the record in the reappraisement proceedings is admissible as evidence in this protest proceeding (a question which is not before this court at this time), the importer in the present case might have adopted two courses: He might have excepted to the ruling of the Board and brought the question before the court in his assignments of error, or he might have offered this record as additional evidence taken in this court under the provisions of section 15.

The motion to vacate the order of September 14, 1909, is granted.